GALLAGHER *v.* BOARD OF SUPERVISORS OF CHEBOYGAN CO.

MANDAMUS—BOARDS OF SUPERVISORS—ALLOWANCE OF CLAIMS—ANSWER.

> *Mandamus* to compel a board of supervisors to pass upon relator's claim will be denied, where it appears from the sworn answer of the chairman and clerk of the board that, on receiving the order to show cause, it met, notified relator of a time and place for hearing his claim, and disallowed the same.

*Mandamus* by Cornelius A. Gallagher to compel the board of supervisors of Cheboygan county to pass upon a claim. Submitted November 15, 1898. Writ denied January 20, 1899.

*Shepherd & Reilley,* for relator.

*S. B. Roe* and *H. W. Harpster,* for respondent.

GRANT, C. J. Relator's petition sets forth that the respondent, being authorized to purchase a site for a court-house, purchased what is known as the "Horne site," for $6,360, of which $4,690 was paid by the county, and $1,670 by relator and other subscribers, the relator contributing $100. The respondent paid the $4,690, and received deeds for the property. Subsequently the respondent decided upon another site, and made an exchange with the owners for the Horne site. Relator presented his claim to respondent, who, by resolution, referred the matter to the electors, to be voted upon at the next election. He asks for a writ of *mandamus* to compel the respondent to pass upon his claim.

The sworn answer, signed by the chairman and clerk of the board of supervisors, denies all the material allegations of the petition. It sets forth the resolution of the

board for the purchase of the Horne site, for the sum of
. $4,690, and the reasons for making the change; denies
that the board had knowledge of or entered into any
arrangement with relator or others by which they were to
pay a part of the consideration; alleges that, at the time
the board passed the resolution selecting the other site,
relator and those interested with him filed a protest, claim-
ing an equitable interest in the Horne property; and that
this was the first time respondent learned of any such
claim.    It further sets forth that, upon receiving the order
to show cause in this case, respondent met, and notified
relator of the time and place for hearing his claim; that it
met, rescinded its former resolution submitting it to the
electors, and disallowed the relator's claim.

The answer must be taken as true, and the writ must
therefore be denied.

The other Justices concurred.